UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA SMITH

        Plaintiff,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:11-cv-745

Dlott, C.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Shelia Smith filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents four claims of error for this Court's review.  For the reasons explained below, I conclude that this case should be REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In July 2008, Plaintiff filed an application for Disability Insurance Benefits ("DIB") alleging a disability onset date of February 2, 2008 due to physical and mental impairments.  (Tr. 138-39).  After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ").  On April 14, 2011, an evidentiary hearing was held, at which Plaintiff was

1

represented by counsel. (Tr. 29-74). At the hearing, the ALJ heard testimony from Plaintiff and Robert Breslin, an impartial vocational expert. On April 28, 2011, ALJ Deborah Smith denied Plaintiff's application in a written decision. (Tr. 9-22).

The record on which the ALJ's decision was based reflects that Plaintiff was 52 years old at the time of the administrative hearing. She has a high school diploma and attended some college courses. (Tr. 236). She has past relevant work as a benefits specialist, human resources assistance and an administrative assistant.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "cervical spine stenosis, obesity, and inflammatory arthritis." (Tr. 11). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work, with the following nonexertional limitations:

> She is limited to never climbing ladders, ropes, scaffold; frequent balancing, stooping, kneeling, crouching, or crawling; no overhead reaching above the horizontal upper extremities; and no exposure to unprotected hazards, heights, or scaffolds.

(Tr. 15). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a personnel clerk, benefits clerk and administrative assistant. (Tr. 20-21). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. (Tr. 22).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) finding that Plaintiff's diabetes, coronary artery disease and psoriatic arthritis were not "severe" impairments; 2) failing to find that Plaintiff's impairments met or equaled Listing 1.04A; 3) improperly weighing the medical opinion evidence; and 4) finding that Plaintiff was capable of performing her past relevant work. Upon careful review, the undersigned finds Plaintiff's second assignment of error to be well-taken and dispositive; and, accordingly, hereby recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can

4

perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

> **B. The ALJ's step three determination is not supported by substantial evidence, thereby requiring remand.**

The third step in the sequential evaluation for disability benefits requires a determination of whether an impairment or a combination of impairments meets or equals one or more of the medical conditions listed in Appendix 1. *See* 20 C.F.R. §§ 416.920, 416.925, 416.926. An impairment meets a listed impairment only when it manifests the specific findings described in the set of medical criteria for that particular listed impairment. 20 C.F.R. § 416.925(d). Medical equivalence must be based on medical findings supported by medically acceptable clinical and laboratory techniques. 20 C.F.R. § 416.926(b). It is a claimant's burden at the third step of the evaluation process to provide evidence that she meets or equals a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987).

If a claimant suffers from an impairment which meets or equals a listed impairment, the claimant is disabled without consideration of the claimant's age, education, and work experience. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir.1981). An impairment, or combination of impairments, will be deemed medically equivalent to a listed impairment if the symptoms, signs, and laboratory findings, as shown in the medical evidence, are at least equal in severity and duration as to the listed impairment. *Land v. Sec'y of Health & Human Servs.*, 814 F.2d 241, 245 (6th Cir.1986).

It is well-settled that to "meet" a listing, a claimant's impairments must satisfy each and every element of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) ("When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing.").

Here, the ALJ determined that Plaintiff's impairments, singly or in combination, did not meet or equal any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). Plaintiff, however, asserts that the ALJ erred by failing to find that her impairments met or equaled Listing 1.04A. Listing 1.04 provides:

> *Disorders of the* spine ... resulting in compromise of a nerve root .... [w]ith [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App'x 1, 1.04. Restated, for Plaintiff to have been found disabled at step three, she must have had (1) a spinal disorder that (2) result[ed] in "compromise of a nerve root" with (3) "neuro-anatomic distribution of pain," (4) "limitation of motion of the spine," and (5) motor loss (muscle weakness) accompanied by (6) sensory or reflex loss.[1] *Id.*

---

[1] There is no "involvement with the lower back" in this case as Plaintiff has been diagnosed with cervical radiculopathy.

6

Plaintiff argues that the record contains sufficient evidence that her severe cervical spinal stenosis met the criteria of Listing 1.04A. Namely, reports of MRIs of Plaintiff's cervical spine on December 28, 2008 and January 9, 2009, which revealed "disc protrusions at C4-5, C5-6, and C6-7 which result in critical spinal stenosis at C5-6 compressing the spinal cord with mild focal abnormal cord signal suggestive of either edema or myelomalacia; severe spinal stenosis at C4-5 and C6-7 with severe narrowing of the right subarticular zone at C6-7 and severe right neural foraminal stenosis at C6-7" along with a "dense calcification" seen posterior to C4, C5, C6, and C7 vertebral bodies, felt likely to represent ossification of the posterior longitudinal ligament, which, in combination with the disc protrusions, result in spinal canal stenosis most severe at the C5-6 level. (Tr. 460-462). Plaintiff further asserts that that the record evidences reduced range of motion in her cervical spine (Tr. 291, 293, 341-344, 465, 469, 570-571), decreased strength or motor loss in her arm (Tr. 291, 341-344, 433, 465, 468), sensory changes (Tr. 291-292, 299, 341-344, 465, 468, 570), and reduced reflexes. (Tr. 570).

As noted above, however, the ALJ determined that Plaintiff's impairments did not meet or equal the requirements of Listing 1.04A. The ALJ's decision states in relevant part:

> The claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments. No treating or examining physician has indicated that the claimant has an impairment equivalent in severity to the criteria of any listed impairment in the Listing of Impairments. In additional, while the representative did not allege a Listing level impairment, he argued that psoriatic arthritis met a listing. However, there was no medical expert at the hearing and no other physicians said that any condition was equivalent to a listing. *There cannot be an "equals listing" determination without a medical expert or*

7

> *doctor saying so. Nevertheless, Listings 1.02 (Major dysfunction of a joint) and 1.04 (Disorders of the spine) were considered.* In addition, although there is no listing for obesity, the Administration has recognized that obesity may be disabling in and of itself and my dramatically worsen other medical conditions. That ruling also states that " . . . if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b of the listings, it may substitute for the major dysfunction of the joint(s) . . ." and would support a finding of medical equivalence. The record, however, does not document a finding that the claimant was unable to ambulate effectively at any material time.

(Tr. 15) (emphasis added).

Upon close inspection, the undersigned agrees that the ALJ failed to properly evaluate Plaintiff's impairments in relation to Listing 1.04. First, the ALJ's lone statement that listings 1.02 and 1.04 "were considered" prevents the Court from conducting any meaningful judicial review to determine whether the ALJ's Listings analysis is supported by substantial evidence. *Tennyson v. Comm'r of Soc. Sec.*, 1:10-CV-160, 2011 WL 1124761 (S.D. Ohio Mar. 4, 2011) report and recommendation adopted, 1:10-CV-160, 2011 WL 1119645 (S.D. Ohio Mar. 24, 2011). As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F. Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2,

8

1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82-62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

When an ALJ fails to mention relevant evidence in his or her decision, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Morris v. Secretary of Health & Human Servs.*, Case No. 86-5875, 1988 WL 34109, at * 2 (6th Cir. Apr. 18, 1988) (quoting Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (The Court cannot uphold the decision of an ALJ, even when there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").

Courts have repeatedly remanded cases when an ALJ fails to articulate a meaningful discussion of the Listings or related criteria. *See Johnson v. Comm'r of Soc. Sec.*, No. 07–14289, 2008 WL 5411658, at *4 (E.D.Mich. Dec. 23, 2008) (remanding case for further administrative proceedings because the district court was unable to discern the legal standards and decipher which Listing the ALJ applied to reach his non-disability decision); *Motley v. Comm'r of Soc. Sec.*, No. 1:08–CV–00418, 2009 WL 959876, at *12–13 (S.D. Ohio Apr. 8, 2009) (record suggested that the plaintiff may meet or equal a Listing, however, the ALJ, determined that the plaintiff was not disabled and failed to articulate specific reasons for his conclusion. The matter was remanded the case for further administrative proceedings because the Court was unable to perform a

9

meaningful review). *See also Herald v. Astrue*, No. 07–165, 2008 WL 2705452, at *5–6 (E.D. Ky. July 9, 2008) (remanding the case for further administrative proceedings, in part, because the ALJ failed to perform an individualized assessment of the impact of obesity on the plaintiff as SSR 02–1p requires).

In the present case, ALJ's Listings' analysis in the decision is not clearly articulated. The ALJ simply notes that listing 1.04A was considered; she does not articulate what evidence was considered and/or identify any objective evidence or clinical findings relating to Plaintiff's cervical stenosis. Although the ALJ's RFC analysis does mention clinical findings related to Plaintiff's severe cervical stenosis, such evidence is never discussed in relation to Listing 1.04A. The ALJ's failure to specifically articulate the reasons for her conclusions prevents the Court from engaging in meaningful review of her decision.

Second, the ALJ's determination that "there cannot be an 'equals listing' determination without a medical expert or doctor saying so" is erroneous. As often cited by the Commissioner, it is well-settled that the ultimate issue of disability is reserved to the Commissioner. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994*); Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). As noted above, when all the requirements for a listed impairment are not present, *the Commissioner* properly determines that the claimant does not meet the listing. *See Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987) (emphasis added). In evaluating whether a claimant's impairment meets or equals a listing, an ALJ may consider the opinion of a medical expert or a non-examining doctor designated by the Commissioner.

However, the ALJ is not bound by this opinion. *See Reynolds v. Sec'y of Health & Human Servs.*, 707 F.2d 927, 930 (6th Cir. 1983).

Here, as correctly noted by Plaintiff, the fact that no treating or examining physician stated that Plaintiff's cervical spine condition met or equaled a Listing does not mandate a finding that Plaintiff does not meet any Listing as the ALJ is the final arbiter of such a determination. Furthermore, no medical source was specifically asked to provide an opinion about whether the Listings were met or equaled. Notably, in evaluating the opinion evidence, the ALJ assigned great weight to the findings of Dr. Teague, a state agency medical consultant who reviewed Plaintiff's medical file on March 17, 2009. (Tr. 20, 487-94). Dr. Teague did not examine Plaintiff and affirmed the findings of Dr. Caldwell another non-examining state agency physician.[2] In addition to the limitations found by Dr. Caldwell, Dr. Teague determined that Plaintiff could only frequently balance, stoop, kneel, crouch or crawl and opined that she could not reach overhead. (Tr. 489-90). The ALJ noted that she gave more weight to Dr. Teague's opinion because it more accurately reflected the postural and environmental limitations that resulted from Plaintiff's cervical spine problems. (Tr. 20). Dr. Teague, however, did not consider whether Plaintiff's impairments met or equaled Listing 1.04A.

Last, the evidence of record strongly suggests that each element of Listing 1.04A has been met and the Commissioner's arguments to the contrary are not well-taken. Notably, the Commissioner asserts Plaintiff that has not cited any evidence showing that

---

[2] Upon review of the record, Dr. Caldwell determined that Plaintiff retains the ability to lift and carry 20 pounds occasionally and 10 pounds frequently and no climbing ladders, ropes, or scaffolds. (Tr. 450-457).

she had a positive straight-leg raising test. However, such a positive test is only necessary to meet the Listing if there is involvement of the lower back. Here, Plaintiff argues that the Listing is met by the compression of her spinal cord at the level of her cervical spine. The Commissioner further asserts that Plaintiff relies on medical records that pre-dates her onset date of disability and are also based on her subjective complaints. While this may be accurate to some extent, the record also contains numerous findings from 2008 and beyond that includes objective evidence of Plaintiff's impairments in addition to her subjective complaints. (*See* Tr. 341-344, 433, 465, 468-469).

Accordingly, for these reasons the undersigned finds that the ALJ's findings relating to Listing 1.04A are not supported by substantial evidence and further fact-finding is necessary. In light of the complicated nature of Plaintiff's cervical impairments, the undersigned finds that the services of a medical advisor should be obtained on remand in order to reevaluate whether Plaintiff's impairments meet or medically equal the requirements for Listing 1.04A.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. §405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. See *Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand,

the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher*, 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g).

2. On remand, the ALJ shall obtain testimony from a medical expert in order to reevaluate whether Plaintiff's impairments meet or medically equal the requirements for Listing 1.04A; properly determine whether Plaintiff's impairments meet or equal Listing 1.04A and provide a clear rational for each determination.

3. As no further matters remain pending for the Court's review, this case be **CLOSED.**

>  */s Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHEILA SMITH

        Plaintiff,

   v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:11-cv-745

Dlott, C.J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).